UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
New Jersey Regional Council of        :
Carpenters & New Jersey               :
Carpenters Funds and The              :
Trustees,                             :
                                      :
       Petitioners,     :      Hon. Joseph H. Rodriguez
                                      :
      v.                    :      Civil Action No. 15-2171
                                      :
GT Millwork, LLC,                     :
                                      :      Opinion
       Respondents.     :
_____:

Presently before the Court are Motions of Petitioner, New Jersey Regional Council of Carpenters & New Jersey Carpenters Funds and the Trustees, to Confirm Arbitration [2] and of Respondents GT Millwork, LLC to Vacate Arbitration Award [9]. The Court has considered the written submissions of the parties and the arguments advanced at the hearing on November 17, 2015. For the reasons stated on the record that day and the reasons that follow, the motions are granted and denied in part. Specifically, the Court will retain jurisdiction of the Arbitration Award and remand the damages portion of the award to the arbitrator for a limited review.

      I.    <u>Background</u>

Respondent GT Millwork is a non-union limited liability company, currently employing eight people in addition to the two owners, engaged in commercial construction contracting. GT Millwork produces high end specialty

cabinets and performs both fabrication work and installation. J. Gary Teyhan formed GT Millwork and is the sole owner. Michael Leming has been a salaried employee of GT Millwork since 2002. Petitioner is a Union and fringe benefit fund administered under the Employment Retirement Income Security Act ("ERISA").

On March 10, 2005, April 12, 2007, and July 23, 2008, Michael Leming, on behalf of GT Millwork, executed Short Form Agreements which incorporate the full Collective Bargaining Agreement ("CBA") at issue. See Parsons Cert., June 1, 2015, Ex. A; CBA, Petition to Confirm Arb. Award., Ex. B. On the 2007 and 2008 agreements, Michael Leming identifies himself as "Partner" and "Owner." See Parsons Cert., June 1, 2015, Ex. A. The agreements entitled GT Millwork to perform union jobs and required GT Millwork to pay union scale wages and benefits for the workers on those jobs. GT Millwork acknowledged performing substantial amounts of work covered by the CBA and, in return, remitted some benefits to the union. See id., GT Millwork Job Cost Breakdown, Ex. D; id. ¶ 3.

The fabrication work performed by GT Millwork is not counted as work under the CBA and, therefore, GT Millwork does not have to remit payment of benefits into the Union funds. Id., Ex. D. Only installation work is covered under the CBA. Id. The Union conducted a payroll compliance audit of GT Millwork for the period of January 1, 2010 to December 31, 2013 ("audit period"). On December 23, 2013 the Union's auditor, Margaret Williams ("Williams") issued a report

2

finding that GT Millwork failed to remit payments in the amount of $909, 350.04 for additional non-union employees, including Teyhan and Leming. The matter was arbitrated on June 26, 2014, July 31, 2014, and August 28, 2014.

The Arbitrator found, and the record supports, a conclusion that GT Millwork had difficulty complying with Williams' requests for job cost data. The job cost data informs the decision of whether to include or exclude certain work as installation or fabrication. Ultimately, Arbitrator J.J. Pierson issued the Union an award in the amount of $477,366.48. GT Millwork argues the award should be vacated for several reasons. Its primary argument is that Michael Leming did not have authority to bind GT Millwork to the CBA because Leming is not a signatory to the Operating Agreement of GT Millwork. In the absence of proof that GT Millwork was bound by the CBA, there is no authority for the Arbitrator's award. In addition, GT Millwork contends that the audit captured installation work outside of the audit period and that that the hours of work performed by owner operators Teyhan and Leming should not have been counted under the CBA. Finally, Auditor Williams disregarded the K-1 forms issued to Teyhan and Leming during the audit period and simply divided the gross income on the partnership tax return. As a result, Williams' opinions and calculations are a net opinion. If it is bound by the CBA, GT Millwork argues the amount of the award should be $139, 368.25.

Petitioner moves to confirm the award and argues that Respondent's arguments were considered and then rejected by the Arbitrator's reasonable decision. The Arbitrator determined that GT Millwork was a signatory to the CBA and was therefore required to pay benefits. In so finding, the Arbitrator rejected GT Millwork's argument that it was misled by the Short Form Agreements and considered GT Millwork's extensive experience with contracts. GT Millwork also failed to timely produce detailed job cost records which would have established the number of qualifying jobs and was uncooperative with the auditor. The Arbitrator considered that GT performed work covered by the CBA during the audit period and noted that Union observed employees working without applying the CBA as well as GT Millwork's testimony that much of the covered work was performed by the owners.

In addition, the GT Millwork appears to have submitted false affidavits of employees which attested to minimal work. For example, Jerome Littlejohn swore that he worked strictly as a truck driver for 6 hours during the audit periods. Job costs documents show, however, that Littlejohn did an install job in Princeton for 68 hours. Therefore, the Arbitrator found the Auditor's conclusions reasonable in light of GT Millwork's failure to cooperate and apparent deception.

The Court will address the motions.

## II.     Standard of Review

Pursuant to the Federal Arbitration Act ("FAA"), there is a strong presumption in favor of enforcing arbitration awards. Brentwood Medical Assoc. v. United Mine Workers of Am., 396 F.3d 237, 241 (3d Cir. 2005). A district court may only vacate an arbitration award on limited grounds where: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrators, or either of them; (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10; Hall Street Assoc., L.L.C. v. Mattel, Inc., 552 U.S. 576, 584 (2008); Laborers' Local Union Nos. 472 & 172 v. Griffin Sign Co. Inc., No. CIV.A. 15-527 JBS, 2015 WL 3648798, at *2 (D.N.J. June 11, 2015).

"As long as the arbitrator's award 'draws its essence from the collective bargaining agreement,' and is not merely 'his own brand of industrial justice,' the award is legitimate." United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 36 (1987) (quoting Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960)). This is because "arbitration is a matter of contract," United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960), so if an "'arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' the fact that 'a court is convinced he

5

committed serious error does not suffice to overturn his decision.'" Eastern Associated Coal Corp. v. United Mine Workers of Am., Dist. 17, 531 U.S. 57, 62 (2000) (quoting Misco, 484 U.S. at 38).

As relevant here, the FAA permits vacatur of an arbitral award "where there was evident partiality ... in the arbitrators, or either of them; ... where the arbitrators were guilty of misconduct ... in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or ... where the arbitrators exceeded their powers." 9 U.S.C. § 10(a). A court may also vacate an award rendered "in manifest disregard of the law." Schwartz v. Merrill Lynch & Co., Inc., 665 F.3d 444, 451–52 (2d Cir. 2011) (internal quotation marks omitted).

### III.  Analysis

The NJ LLC Act provides that when "a limited liability company is managed by its members, unless otherwise provided in the operating agreement, each member shall have the authority to bind the limited liability company." N.J.S.A. § 42:2B–27(b)(1). "Except as otherwise provided in an operating agreement, a member or manager may lend money to, borrow money from, act as a surety, guarantor or endorser for, ... [an LLC]." § 42:2B–9. Members, therefore, are free to structure an operating agreement to either restrict or expand rights, responsibilities and authority of its managers and members. See Kuhn v. Tumminelli, 366 N.J.Super. 431, 841 A.2d 496 (N.J. App. Div. 2004).

Consequently, the statutory provisions of the NJ LLC Act control in the absence of a contrary provision in an operating agreement. Id. The Court must liberally construe the NJ LLC Act "to give the maximum effect to the principle of freedom of contract and to the enforceability of operating agreements." N.J.S.A. § 42:2B–66(a); In re D'Amore, 472 B.R. 679, 687 (Bankr. D.N.J. 2012).  The LLC Act was repealed by L.2012, c. 50, § 95 on March 1, 2014. N.J. Stat. Ann. § 42:2B-27.

     Here, the Arbitrator noted Teyhan's confirmed in testimony that no Operating Agreement existed.  See Pierson Award, p. 8.  In addition, the Arbitrator considered Leming's testimony that he was an "owner/operator" of GT Millwork and concluded, based upon the testimony suggesting a strong familiarity of contracts, that Leming had the experience and the apparent authority to bind GT Millwork. See, id. p. 2, n. 2. In addition, the Funds produced remittance paperwork bearing both Teyhan's and Leming's signatures which the Arbitrator considered as an acknowledgement of GT Millwork's status as a CBA signatory. Id. Based upon the information presented to the Arbitrator, and given the deferential standard applied here, the conclusion that GT Millwork is bound by the CBA is reasonable and not subject to scrutiny. See Eastern Associated Coal Corp. v. Mine Workers, 531 U.S. 57 (2000) (An award rationally derived from the facts and the CBA, even is made in error must stand); see also Roberts & Schaefer Co. v. Mine Workers, 648 F.2d 863 (3d Cir. 1981) (An award must be upheld where the conclusion can be rationally derived from the CBA and facts.)

7

For the same reasons, GT Millwork's claims of fraud are unavailing, given the consideration and conclusion that GT Millwork dealt with numerous contracts and performed Union jobs in the past. See Pierson Award, 2, 7.  As a result, the Arbitrator's determination that GT Millwork was bound by the CBA must stand on this record.

Though urged to do so by Petitioner, the Court need not delve into the calculations underscoring the Arbitrator's determination of damages.  The Arbitrator considered, and GT Millwork's CPA Expert Fred Milner admitted, that there are different methodologies for arriving at figures in the audit. See Pierson Award, 7.  Ms. Williams has extensive experience in performing payroll audits and the Arbitrator notes that in 2014, Ms. Williams performed eighty (80) audits. Id. at 5.  Moreover, Ms. Williams explained why Mr. Leming and Mr. Teyhan were included in the audit.  Id. at 7, n.11. The Arbitrator also found that Ms. Williams was not given reasonable access to GT Millwork's financial documents. Despite GT Millwork's recalcitrance, the Arbitrator discounted Ms. Williams' original audit of $909,350.04 to $323,011.09.  To this end, the Arbitrator credited her determinations of damages and considered GT Millwork's opposition.

Vacatur is appropriate where evidence is not considered. 9 U.S.C. § 10(a); Schwartz, 665 F.3d at 451–52.  Such is the case here, where Ms. Williams and the Arbitrator failed to consider the detailed job cost data submitted by GT Millwork

8

at the eleventh hour. Whereas the Arbitrator's findings of liability must stand, the Court will retain jurisdiction over the award and remand the matter to the Arbitrator for a reconsideration of the award amount in light of the detailed job cost data submitted by GT Millwork and the treatment of Teyhan's and Leming's K-1 tax forms.

Dated: December 14, 2015

                                               s/ Joseph H. Rodriguez
                                               Hon. Joseph H. Rodriguez,
                                               UNITED STATES DISTRICT JUDGE